## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:15-cr-198 (JAM) |
| ARTHUR STANLEY,<br>*Defendant*. | |

### RULING RE ADMISSIBILITY OF EXCERPT FROM GRAND JURY TESTIMONY

The Government has charged defendant Arthur Stanley with federal RICO murder in violation of 18 U.S.C. § 1959(a)(1). Among the Government's witnesses at trial was Willie Brown who testified in essence that he saw defendant participate in the murder and that defendant admitted as much to him two days later. Brown, however, did not tell the police about what he saw and heard until more than two months later when he was in jail on another charge.

Brown was subject to cross-examination by defense counsel about why he delayed reporting what he saw and heard to the police and about his prior grand jury testimony on this subject. When asked at trial about what he said to the grand jury in terms of why he decided to speak to the police, Brown testified that his answer to this question before the grand jury was "because I wanted to." Defense counsel then impeached Brown by means of reading to him the following question-and-answer excerpt from his grand jury testimony:

> Q:      So, now, you know that the ladies and gentlemen of the Grand Jury are going to want to know this question: The night of the incident you don't talk to the cops and then a couple of months later, you decide I'm going to tell what I know. Why? Tell me why.

> A:      One -- one of my main reasons for not talking to them then was I'm on parole. I wasn't going back to jail for that. Then once I was back in jail, I didn't have a care in the world.

The defense then offered a hard copy of this excerpt of the grand jury testimony to be admitted as an exhibit into evidence. The government objected on hearsay grounds, and I reserved ruling on this objection.

An out-of-court statement constitutes hearsay if it is offered to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801(c)(2). Here, however, Mr. Brown's statement was not offered to prove the truth of the matters he asserted. To the contrary, the defense's purpose in offering the statements he made to the grand jury was to show the patent falsity of these statements, and the introduction of a statement for its falsity—rather than for its truth—does not run afoul of the hearsay rule. *See United States v. Pedroza*, 750 F.2d 187, 203 (2d Cir. 1984).

Defendant sought to show on cross-examination that Brown was lying when he testified to the grand jury that he did not go to the police initially because he feared that reporting a crime would jeopardize his release on parole. As the defendant maintained on cross-examination, it made no sense for someone who is on parole to believe that reporting a serious crime with which he had no involvement would lead to the revocation of parole, and because this rationale makes little sense, it was very likely false. Moreover, to the extent that Brown further testified that he did not have a "care in the world" two months later when he was in jail and decided to talk to the police, defendant sought to show that this statement was also false and that Brown's motive was to seek favor from the police in order to secure his release from jail.

Accordingly, the excerpt of Brown's testimony is not subject to the hearsay rule, because the excerpt of his testimony was offered in support of defendant's contention that the testimony was false. Because the testimony is otherwise relevant and not objected to on any other grounds,

I conclude that the excerpt of Brown's grand jury testimony may be admitted as a physical exhibit by defendant at trial.

It is so ordered.

Dated at New Haven this 14th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge